Good morning, judges of the Ninth Circuit. Do we have jurisdiction? Do you have jurisdiction? It's a good question, Your Honor. Is class certification warranted here? Your Honor, I think class certification is certainly warranted in this case. I think the dispute here is whether the class that is warranted is a California-only class or a nationwide class, and obviously that would implicate the Court's jurisdiction under CAFA or the Class Action Fairness Act. You're only here because of CAFA. I'm only here because of CAFA. Right. This case was filed in state court under the rule of law in Colgan v. Leatherman. This is the case, the reason why this case was filed in Colgan v. Leatherman. The California Court of Appeals approved this type of action on a class-wide basis for 22 different tools that were mislabeled as made in the USA. It's exactly what occurred here and why this case was brought. This case was then removed through no act of the appellant. And you wouldn't object to sending it back? I apologize? You wouldn't object to having it sent back? I would not. You know, I didn't choose the forum we were in. We just simply made do with what we had and proceeded with our case under California law. There are no Federal issues, and the only basis for Federal jurisdiction was CAFA. And that's actually our alternative argument is that even when the court denied nationwide class certification, the mandatory jurisdictional requirement was a remand to the state court, not for dismissal and judgment on the merits. But I think there is an important issue here. May I interrupt you for a second? Sure. I just asked counsel for natural balance pet foods. What about that, just remanding the matter back to state court? There are no Federal issues here? Yeah, for sure. Sure. Good morning, Your Honors. May it please the Court. Kyle Cavitin on behalf of Defendant Natural Balance Pet Foods, Inc. There is a real question, I have to concede, whether or not this Court should even be hearing any appeal with respect to the merits or the propriety of the district court's denial of a nationwide class. No, the question is why not remand it? Why not remand it? I think it would have to go back, Your Honors, on the question and Mr. Kennedy's personal action. Because once the Court said at the district court level no nationwide class, what was left was Mr. Kennedy's personal action. There was no cap of jurisdiction once that occurred. And the Court at this Court would certainly have no jurisdiction, nor should the district court, have done anything more than send Mr. Kennedy's personal, non-nationwide class, but personal action back. Well, when he gets back to superior court, he could always try to renew his motion for class certification, couldn't he? He could try to do it on a California basis, perhaps, Your Honor. The district court's determination on nationwide class, however, would be binding. I don't know about that. Why would it be binding? They're not binding on anything. Because under the rules, first of all, under the rules of collateral estoppel and res judicata. But it depends how we frame his class. Perhaps. I don't believe, and I don't think even the plaintiff took the position in the briefing here, that the plaintiff could go back to the state court and essentially have a second bite at a nationwide class, which was ruled upon appropriately by the federal court. I do not believe. I can argue that to the state judge. But why is it mandatory to remand it? I can't other the only argument I can raise in response to that, Your Honor. Well, I'm asking you, isn't that the mandate, the rule? So long as that right of remand was not waived by affirmative act to the plaintiff, I would agree. I would agree. Waive. I agree. They are here against their will. They're going back. You can make any argument you want to the state judge. But right now, it should be remanded. Right now, I agree. Well, that's all I'm asking. That's all I'm asking. That's the end of the case. Yeah. End of the case right here. Thank you. Thank you. At the risk of sounding like Marv Throneberry and his old Miller draft commercials, I'm not sure why they asked us to be here, because we spent a lot of time briefing issues that probably aren't appropriate for you. But the district court judge dismissed it. Correct. They had no choice but to appeal at that point. That is also correct. Okay. But the preliminary, should there have been a remand of the personal case to the superior court and for us to fight California class there, I cannot disagree.  We'll remand it then. Shake hands. The only points I would make are there are some legal errors in the denial of nationwide class certification. Well, you could bring all that up before the state court. As counsel raises, he's going to argue that these legal errors are now binding on the California court. You have to argue that before the state court. I'm not sure. We have no jurisdiction. I'm not ñ well, if there's a nationwide class here, I'm not sure that's entirely the case. But my point here is that the time for me to argue about legal errors committed by the district court is here, not collaterally in front of the state court. Don't give too much away. Well, I'm not conceding that, but I'm stating procedurally speaking. The next argument's going to be that was reviewed, perhaps if the court's ruling had some effect that would not allow a preclusive effect to occur with respect to what happened at the lower court, because the lower court is tainted by the conclusions we've ñ No, no. We've said that's something you can argue in the state court. And you can buy this disc for 50 cents. Okay. Free for a dollar. I appreciate that, Your Honor. All right. And I thank you for your time and consideration. But you believe ñ well, before you sit down, though, you do believe that the district ñ there was error on the substantive ruling of the district court. I believe there's two errors. The first one, I think, is conceded, that the MDL settlement did not bar the claims during most of my class period. The second is a legal error concerning the application of Zinsser. And I don't believe that Zinsser applies in this case. And I'm afraid, you know, there's ñ we're all concerned about the state of the law and the application of law. And this ñ these kind of rulings will constrain even the attorney general in the application of the 17-200 statute, because this is what he does. And if he, the attorney general, and private litigants are unable to apply a 17-200 to a company simply because they're operating ñ they're operating in the state and selling to people outside the state and defrauding people outside the state, that's not ñ that's not the rule. And Zinsser is a specific case that involved the application of Colorado law in a California forum. And, of course, then the appropriate state law analysis is to be performed. But we're sitting in a California court looking to apply California law to a California company that's ñ conducts only occurring in California. And I think that's an issue of law that potentially is going to be abused in the future and needs to be rectified, Your Honors. Thank you very much. Thank you. We're going to take a short break.
judges: Pregerson, Noonan, Paez